**UNITED STATES COURT OF FEDERAL CLAIMS**

*(Electronically Filed March 17, 2008)*

| | | |
|---|---|---|
| **GEORGE FAMILY TRUST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-816 L** |
| | ) | |
| **THE UNITED STATES,** | ) | **Hon. Christine O.C. Miller** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

Pursuant to Appendix A of the Rules of this Court, Plaintiff GEORGE FAMILY TRUST, and Defendant UNITED STATES hereby submit the following Joint Preliminary Status Report:

**a. <u>Jurisdiction.</u>**

Plaintiff states that this Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. Section 1491(a)(1) and the Fifth Amendment to the United States Constitution.

Defendant states that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court to adjudicate claims of a Fifth Amendment taking.

**b. <u>Consolidation.</u>**

The parties agree that the case of <u>Elizabeth Stone Trust, et al. v. United States</u>, No. 07-822 (Robert H. Hodges, Jr.), should be consolidated with this earlier-filed case. Both cases present the same legal issues and facts such that consolidation of the cases would

significantly promote judicial economy. Specifically, the resolution of the allegations raised in both cases will involve the same witnesses and substantially the same documents. Both cases involve property located in the same general vicinity, and the complaints in both cases allege that the properties have been flooded as a result actions of the Corps of Engineers' projects on the White River in Arkansas. Accordingly, Defendant will be filing an unopposed motion to transfer and consolidate the Elizabeth Stone Trust case with the instant earlier-filed case.

**c. Bifurcation.**

The parties agree that the case should be bifurcated, with liability tried first, and damages tried thereafter if liability is found.

**d. Deferral of further proceedings.**

The parties agree that at present further proceedings in this case should not be deferred.

**e. Remand or suspension.**

The parties agree that they do not intend to seek a remand or suspension.

**f. Additional parties.**

The parties are unaware of any additional parties that should be jointed.

**g. Dispositive motions.**

Until further studies and discovery has been completed, the parties are unable to determine the appropriateness of dispositive motions.

**h. Relevant Factual and Legal Issues.**

**(1) Plaintiff's Statement:**

Plaintiff is the owner of real property located in Monroe County, Arkansas in what is known as the Big Creek area. The property over a period of time has been subjected to gradual, periodic and intermittent flooding from backwater from Big Cypress Creek as a tributary of the White River.

The gradual, periodic and intermittent flooding has caused damage to standing timber, loss of regeneration and growth of aquatic vegetation such as buck brush rendering the property unusable for intended uses which serves as the Plaintiff's basis for its taking claim.

The Plaintiff asserts that the losses sustained were the result of the gradual, periodic and intermittent flooding caused by the Defendant through the U.S. Corps of Engineers' use of flood control devices and procedures on the White River System.

The Plaintiff's position is that although the Defendant's actions causing the damage are ongoing, and in late 2005, Plaintiff became aware that the resultant damage was caused by the Defendant's actions resulting in the gradual, periodic and recurring flooding affecting Plaintiff's lands. At that time the Plaintiff took action to determine the nature and extent of the taking which had not become clear and were not ascertainable until that time.

The Plaintiff seeks damages for timber and regeneration losses of $65,554.31 based on appraisals and analysis of the timber losses.

**(2) Defendant's Statement:**

The relevant factual and legal issues in this matter are:

1. Whether Plaintiff is the owner of the real property at issue in this litigation.

2. Assuming the above, whether Plaintiff's lawsuit for damage to its property is barred by the statute of limitations in that the Corps of Engineers' projects on the White River were completed in 1967.

3. Assuming the above, whether Plaintiff has stated a claim upon which relief can be granted in that those portions of Plaintiff's property which are herein alleged to have been damaged have always been low-lying and wet.

4. Assuming the above, whether Plaintiff can establish that its property has been subjected to increased flooding which is permanent and inevitably recurring.

5. Assuming the above, whether Plaintiff can establish that the increased flooding is caused by actions of the United States and not by third party actions.

6. Assuming the above, whether Plaintiff can establish that the increased flooding has been the primary cause of the alleged tree death it has experienced.

7. Assuming the above, what is the just compensation to which Plaintiff is entitled, taking into account whether Plaintiff's property has been benefitted more than it has suffered a detriment as a result of the United States' water projects.

**i. Settlement/Alternative Dispute Resolution.**

The parties have had initial preliminary discussions concerning whether settlement of this case might be possible. However, before the parties can meaningfully evaluate settlement, the Corps of Engineers needs to complete additional scientific studies concerning the cause of the alleged flooding of Plaintiff's property. In addition, the parties need further discovery.

**j. Trial.**

At this time the parties know of no reason why the case would not need to proceed to trial. Possible trial locations would be Little Rock, Arkansas, or Memphis, Tennessee.

**k. Electronic Case Management.**

The parties are unaware at this time of any electronic case management issues.

**l. Other Information for the Court.**

The parties represent that the early meeting of counsel occurred on Friday, March 7, 2008, at which time the parties discussed the issues set forth in Paragraph 3 of Appendix A of the Rules of the Court of Federal Claims, including the items specifically discussed in this status report. In particular, the parties discussed the timing of initial disclosures as required by RCFC 26(a)(1) as well as a possible discovery schedule.

**m. Discovery Plan.**

The parties propose that Initial Disclosures be made by April 30, 2008.

Thereafter the parties propose a 120-day discovery period during which interrogatories and other written discovery may be propounded and depositions may be taken, or until August 31, 2008.

Thereafter, the parties propose that they report to the Court in a joint status report concerning the progress of discovery and their proposal for future proceedings in the case.

Counsel for Plaintiff has conferred with counsel for Defendant, who has agreed that Defendant may submit this document on behalf of both parties.

Dated: March 17, 2008.

Respectfully submitted,

s/ William R. Mayo by s/ Susan V. Cook
P. O. Box 1385, 1 W. Mountain Street
Fayetteville, AR 72702-1385
Tel 479-444-9323
Fax 479-4444-9326
Email: info@MayoLawOffices.com
Alt Email: wmayo@legalingles.com

Attorney for Plaintiff

RONALD J. TENPAS
Assistant Attorney General

s/ Susan V. Cook
SUSAN V. COOK, Senior Attorney
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0470
(202) 305-0506 fax
Email: susan.cook@usdoj.gov

Attorney for Defendant

441912.1